UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HUSSEIN AL QARI**,

                Plaintiff,

                                      Case No:
                                      Hon.

AMERICAN STEAMSHIP COMPANY,

                Defendant.
_____/

D. BRUCE BEATON  (P32704)
Attorney for Plaintiff
137 S. Water Street
Marine City, MI  48039
 (810) 765-3333
_____

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, HUSSEIN AL QARI, by and through his attorney, **D. BRUCE BEATON, PLC**, by D. Bruce Beaton, and respectfully represents unto this Honorable Court as follows:

**JURISDICTION AND VENUE**

1.       That this case and its jurisdiction is based upon "The Jones Act" 46 USC Section 30101, et seq.; 46 USC Section 30104, the Admiralty and General Maritime jurisdiction of this Court, and the amount in controversy is in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest, and attorney fees.

**GENERAL FACTUAL ALLEGATIONS**

2.       Plaintiff, HUSSEIN AL QARI, is a resident of the City of Dearborn, County of Wayne, State of Michigan.

Case 2:21-cv-10650-PDB-CI ECF No. 1, PageID.2 Filed 03/24/21 Page 2 of 8

3. Defendant, AMERICAN STEAMSHIP COMPANY, (hereinafter "ASC") is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Michigan and conducts continuous and systematic business in the Eastern District of Michigan, Southern Division.

4. On or about November 5, 2020, Defendant, AMERICAN STEAMSHIP COMPANY, owned, managed, and/or operated a certain marine vessel known as the "**M/V H. Lee White**" upon which Plaintiff served as a member of the crew.

5. That Plaintiff's employment was secured through the Seafarers International Union, located in the Eastern District of Michigan, Southern Division.

6. That at all times relevant hereto, Plaintiff was employed by Defendant in the capacity of a Deckhand and enjoyed "seaman status" pursuant to applicable law; including, but not limited to, **46 USC Section 30101, et seq.; 46 USC Section 30104**, as well as 28 USC Section 1916.

7. On or about November 5, 2020, Plaintiff injured his **head, neck, shoulder, mid and lower back radiating to his left leg to his left great toe with numbness and weakness of left leg, hip, tingling in his hands when he slipped and fell down the stairs on the ship.**

## COUNT I-JONES ACT NEGLIGENCE

8. Plaintiff repeats and realleges Paragraphs 1 through 7 herein inclusive as if set forth more specifically herein paragraph by paragraph.

9. That pursuant to "The Jones Act," 46 **USCA Section 30101, et seq.; 46 USC Section 30104**, and to the general admiralty and maritime law, it became and was the duty of Defendant to provide a seaworthy vessel and furthermore it was the duty of Defendant to make

2

and keep safe the vessel for those working in, on, and around said vessel, and provide a reasonably safe place to work, and furthermore, it was the duty of Defendant to exercise reasonable care for the safety of those working in, on, and around said vessel, and Plaintiff, HUSSEIN AL QARI, in particular.

10. The personal injuries sustained by the Plaintiff were not caused by any fault on his part but were caused by the negligence of the Defendant, AMERICAN STEAMSHIP COMPANY, its manager, agents, servants and/or employees.

11. Defendant, by its managers, agents, servants, and employees, caused Plaintiff to be permanently, painfully, and seriously injured as a result of one or more of the following negligent acts and/or omissions including, but not limited to:

> a) failed to provide Plaintiff with a safe and seaworthy vessel, appurtenances, equipment, and crew, and a reasonably safe place to work;
>
> b) was directed to perform a job quickly, without a sufficient number of crew, and with equipment which was not reasonably fit for the purpose intended;
>
> c) failure to comply with ISM requirements to establish, comply with, and audit a Safety Management Plan;
>
> d) failing to discover and correct such latent and/or patent defects and/or dangerous conditions which Defendant and/or Defendant's crew knew, or in the exercise of reasonable care should have known, presented an unreasonable risk of injury to persons on the vessel;
>
> e) failing to establish, enforce, and ensure compliance with Defendant's safety policies and procedures;
>
> f) failing to hire careful, competent, and knowledgeable employees to perform work who knew, or in the exercise of reasonable care should have known, that the conditions then existing at the time of the accident created an unreasonably unsafe place to work;
>
> g) negligently assigning Plaintiff to a job which exposed him to an unreasonable risk of harm;

3

      h)    violating a Safety Statute and/or Regulation which was intended for the safety of Plaintiff as a crewman;

      i)    failing to properly instruct and supervise the employees it did hire so that those required to work on said vessel would work without being placed in danger of injury;

      j)    failing to properly monitor and/or inspect Plaintiff's work activities and work environment and minimize, reduce or otherwise eliminate unnecessary exposure to recognized risks and hazards;

      k)    failing to provide a vessel, equipment, appurtenances, and crew which was reasonably fit for its intended purpose;

      l)    negligently and carelessly caused, allowed, and permitted the vessel, its appurtenances and work method to be operated, supervised, equipped, controlled, designed, manufactured, maintained, and inspected in such a manner as to cause Plaintiff to suffer injury;

      m)    failed to perform a risk analysis;

      n)    violated the Safety Statutes, regulations, codes, and treaties which required Defendant to perform job hazard analysis;

      o)    inadequate equipment, supervision, training, and instruction;

      p)    failed to provide Plaintiff with reasonably safe equipment to retrieve dry food supplies from the Engine Room;

      q)    negligently moved the dry food supplies from the Galley to the Engine Room and thereby causing Plaintiff to retrieve the dry food supplies utilizing an unreasonably safe procedure;

      r)    other acts of negligence to be proved at the Trial of this cause.

12.    As a direct result of said negligence, Plaintiff, HUSSEIN AL QARI, injured his **head, neck, shoulder, mid and lower back radiating to his left leg to his left great toe with numbness and weakness of left leg, hip, tingling in his hands** and has consequently become liable for and required to expend large sums of money for the receipt of hospital, medical, and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will continue to do so in the future; has been rendered disabled and

4

unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future.

WHEREFORE, Plaintiff, HUSSEIN AL QARI, demands judgment in whatever amount to which he is found to be entitled, together with costs, interest, and attorney fees.

## COUNT II-UNSEAWORTHINESS

For a Second Count herein, Plaintiff, HUSSEIN AL QARI, by and through his aforesaid attorneys, respectfully represent to this Honorable Court as follows:

13. Plaintiff repeats and realleges paragraphs 1 through 7 and paragraphs 8 through 12 of Count I herein, inclusive, as if set forth more specifically herein paragraph by paragraph.

14. That Defendant, ASC, as the owner, maintainer, controller, and/or operator of the "**M/V H. Lee White**" expressly and/or impliedly warranted that its vessel was a reasonably seaworthy vessel and was fit for the uses, purposes, and misuses either intended, anticipated, or reasonably foreseeable, in accordance with the provisions of the general admiralty and maritime law.

15. Pursuant to the General Maritime Law, Defendant has an absolute, non-delegable duty to provide Plaintiff with a safe and seaworthy vessel, appurtenances, equipment, and crew, and a reasonably safe place to work.

16. That more specifically, Defendant expressly and impliedly warranted that its vessel was owned, maintained, controlled, and/or operated so as not to subject persons, such as Plaintiff, HUSSEIN AL QARI, who were working on said vessel to unreasonable risks of harm

and injury and that said Defendant breached its duty as a ship owner to provide a seaworthy vessel reasonably fit for the purposes for which it was intended in accordance with general admiralty and maritime law.

17. That as a direct and proximate result of Defendant's aforementioned breaches of duty, Plaintiff, HUSSEIN AL QARI, injured his **head, neck, shoulder, mid and lower back radiating to his left leg to his left great toe with numbness and weakness of left leg, hip, tingling in his hands** and consequently has become liable for and required to expend large sums of money for the receipt of hospital, medical, and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will continue to do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future.

WHEREFORE, Plaintiff, HUSSEIN AL QARI, demands judgment in whatever amount to which he is found to be entitled, together with costs, interest, and attorney fees.

## COUNT III-GENERAL MARITIME LAW-INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE AND CURE

For a Third Count herein, Plaintiff, HUSSEIN AL QARI, by and through his aforesaid attorneys, respectfully represents to this Honorable Court as follows:

18. Plaintiff repeats and reallges paragraphs 1 through 7, paragraphs 8 through 12 of Count I, and 13 through 17 of Count II, inclusive, as if set forth more specifically paragraph by paragraph.

19. Under Federal Admiralty Law, Defendant is burdened with a duty for the benefit of plaintiff to provide "maintenance and cure' Benefits for injuries plaintiff sustained during the course of his employment.

20. The Plaintiff has made demand upon the Defendant charterer, owner, operator, and employer for the provision of maintenance and cure.

21. The Defendant(s) have willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

22. As a result of Defendant willfully, arbitrarily, and unreasonably failing to provide Plaintiff with maintenance and cure in a timely and adequate manner, Plaintiff has sustained additional damages and irreparable harm.

23. Defendants have failed to promptly investigate Plaintiff's maintenance and cure claim.

24. Defendant has or may during the course of this litigation wrongfully reduce and withhold the maintenance and cure benefits to which Plaintiff is entitled for support and medical expenses incurred during the course of his disability as a result of the subject incident; whereby Plaintiff has or will suffer and continue to suffer from damages including, without limitation, pain of body and anguish of mind, lost time from his work, and usual pursuits, and exacerbation of his injuries, a state of forced impoverishment, lack of necessary medical care and irreparable damage to his credit rating and reputation as a result of Defendant's wrongful, deliberate and willful and wanton acts and omissions and whereby Plaintiff seeks the imposition and levy of compensatory and of punitive damages against the Defendant.

WHEREFORE, Plaintiff demands judgment against the Defendant in whatever amount to which he is found to be entitled, together with exemplary and or punitive damages, costs, and attorney fees.

                                                          D. BRUCE BEATON, PLC

Dated: March 24, 2021                 */s/ D. Bruce Beaton*
                                                          D. Bruce Beaton  (P32704)
                                                          Attorney for Plaintiff
                                                          137 S. Water Street
                                                          Marine City, MI  48039
                                                          Phone: (810) 765-3333
                                                          Fax: (810) 765-4026
                                                          dbb@dbbeatonlaw.com